BREAUX, C. J.
Plaintiff, the Rock Island, Arkansas & Louisiana Railroad Company, appearing through I. B. Pierce, its president, is a corporation organized and formed under the laws of the states of Arkansas and Louisiana, through a consolida-tion on or about October 31, 1905, of the different companies named in 'plaintiffs petition.
Plaintiff alleges that it is the owner of all the property it refers to in its petition, and this is not disputed by defendant.
The line of railroad of the plaintiff company was completed through Union parish during the year 1900. It follows that this was subsequent to the present Constitution of Louisiana, and before January 4, 1904. The parish of Union never at any time voted a tax in aid of the plaintiff company.
Defendant was about to assess, levy, and collect taxes on the plaintiff railroad and its property in the parish of. Union for the years 1907, 1908, and 1909, without allowing the exemption in favor of railroad under the extension of the period of exemption.
It is admitted that prior to the adoption of the Constitution of 1898 a special tax of five mills had been voted in favor of the Arkansas Southern Railway by the property taxpayers of the parish of Lincoln and Winn; also; that a Special tax of five mills had been voted by the property taxpayers of the town of Ruston in aid of the railroad in question.
It is also admitted that neither the Arkansas Southern Railroad Company nor the plaintiff company had ever waived or relinquished the aid voted as before mentioned, and that the avails of this tax had been collected annually.
It is also admitted that prior to the adoption of the Constitution of 1898 no aid was voted by Union parish, or by any ward or municipality within its limits, to plaintiff or any of its predecessors nor any of the constituent companies of which this plaintiff is organized and formed by consolidation. .
It follows that, as no taxes were voted, plaintiff was never called upon to relinquish any taxes in Union parish.
The police jury of Union parish, the tax assessor, and the tax collector appear and defend on general grounds, and, further, that the taxpayers of the parish of Lincoln and of the town of Ruston having prior to the Constitution of 1898 voted a tax in aid of plaintiff, that plaintiff never having waived or relinquished the tax, on the contrary, having collected and received the proceeds of the tax annually in said parishes, that the question of granting the aid not having been resubmitted to the taxpayers of the parishes and municipality before named, the plaintiff and the Arkansas Southern Rail *875 road Company are not, and have never been, exempt from taxation in the parish of Union.
The construction to be placed on the second -paragraph of article 230, Const. 1898, gives rise to the question before us for decision. The paragraph reads as follows:
“There shall also be exempt from taxation for a period of ten years from date of its completion any railroad or part of such railroad that may hereafter be constructed and completed prior to January 1, 1904; provided, that when aid has heretofore been voted by any parish, ward or municipality to any railroad not^ yet constructed, such railroad shall not be entitled to the exemption from taxation herein established, unless it waives and relinquishes such aid or consents to a resubmission of the question of granting such aid to a vote of the property tax payers’ petition for the same within six months after the adoption of this Constitution.”
Can plaintiff retain the aid voted by the parishes of Lincoln and Winn and by the town of Ruston, and be entitled to exemption from taxation in the parish of Union?
In our opinion the construction to be placed on the paragraph affirmatively answers the question.
An analysis of the paragraph shows that it was the intention in inserting it as part of the Constitution to restrict the effect of the waiver required, or to resubmit the question of taxation. The provision of the paragraph does not refer to the parishes, but in the singular to the “ward” or “municipality,” as the political subdivision in which there must be a “waiver,” “relinquishment,” or “resubmission” in order to obtain the benefit of exemption. It refers to the one political subdivision, evidently limiting the right to the exemption to it.
In some instances the state leaves it to the local subdivisions to determine whether property shall be assessed or not. The whole matter is under the supervision, direction, and control of her officers in the tax collecting department.
If the taxpayers were to attempt an improper interference by voting an illegal exemption, it would soon be remedied.
We are led to this conclusion because the argument on the^lpart of the defense leads to the conclusion that the authority should not be sanctioned because *it would lead to an interference with the authority of the state in matter of exempting property from taxation.
The state leaves it to an enterprise such as a railroad to determine whether it will accept a tax or an exemption.
In this -instance the enterprise accepts the exemption, and has thereby necessarily waived all right to a tax in the parish of Union.
This can be done without having to waive its right to a tax which it had acquired in other subdivisions.
It may be to the interest of the enterprise or it may be to the interest of a subdivision in one locality to provide the aid through taxation; while, in another subdivision, they may refuse to tax the taxpayers in the event the exemption is granted.
The tax provided in a small municipality may be collected if the exemption is not allowed therein without such action interfering with the wishes of another locality in which other interests and conditions prevail.
Moreover, the state in this instance is not a party here, and it follows does not complain.
Why should defendants object. They have no right to interfere on behalf of the state except with her sanction.
The law and the evidence considered, and being in favor of appellee, the judgment is affirmed.